UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**JOHNNIE WILLIAMS JR.,**

    Plaintiff,

v.                                                    Case No.: 2:17-cv-02052-JTF-cgc

**CONN APPLIANCES, INC.,**

    Defendant.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## NOTICE OF INTENT TO FILE APPEAL

COMES NOW, Plaintiff, Johnnie Williams, Jr., and submits his Response to Defendant's Notice of Intent to File Appeal [Doc. 26]. Defendant's Notice should be disregarded by the Court in ruling on Plaintiff's Motion to Confirm Arbitration Award [Doc. 14] because: (1) the only open case pending at this time is the one before this Court as no notice of appeal has been filed in the Southern District of Texas; (2) any plausible grounds for appeal are not apparent and such appeal is therefore unlikely to be taken up by the Fifth Circuit Court of Appeals; (3) Defendant's appeal is being filed solely for the purposes of delay and subjecting Plaintiff to further undue harassment, and; (4) Defendant is, in essence, requesting an indefinite stay before this Court.

Within its Notice of Intent to File Appeal, Defendant states that "this Court should yield to the Texas case and abate this suit pending the case's final outcome." [Doc. 26, p.1]. Such position is patently incorrect on its face. Beyond Defendant's misguided understanding of the first-to-file rule (which Plaintiff has previously addressed), Defendant failed to inform this Court that the case previously filed before the Southern District of Texas has since been terminated as

of February 11, 2019 pursuant to the Southern District of Texas's Final Judgment.  As of the time of this filing, Defendant has not submitted any documents to reopen the case before the Southern District of Texas or otherwise put that court on notice of its intention to appeal the court's Final Judgment.  As that case is no longer active before the Southern District of Texas, this Court need not concern itself by "yield[ing] to the Texas case" as there is no case to yield to.  Accordingly, Plaintiff would respectfully request that this Court enter an Order Granting Plaintiff's Motion to Confirm the Arbitration Award.

Moreover, Defendant's anticipated appeal is going to face a substantial number of hurdles that Defendant cannot overcome.  Within its Notice of Intent to File Appeal, Defendant requests that "this Court refrain from issuing any rulings in this matter pending a ruling made by the Fifth Circuit Court of Appeals." [Doc. 26, p. 3].  As a basis for this request, Defendant notes that it "intends to file an appeal to the Fifth Circuit Court of Appeals" in response to the Southern District of Texas's Final Judgment Granting Mr. Williams' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.  *Id.*, p. 2.  Without alluding to any plausible grounds for appeal, Defendant simply asserts that it "believes the Honorable Keith Ellison improperly dismissed the action from the Southern District of Texas" without further explanation.  *Id.*, p. 2.  Defendant fails to offer even the most basic of explanations as to how the Southern District of Texas is the proper venue and/or how it could exercise personal jurisdiction over Mr. Williams – likely because Defendant cannot.  The record is completely devoid of any evidence that Mr. Williams ever even visited Texas during the relevant time period, much less created minimum contacts such that he could reasonably anticipate being hauled into court in Texas.[1]

---

[1] Plaintiff would respectfully refer this Court to Plaintiff's Reply in Support of Motion to Confirm Arbitration Award [Doc. 23] for the timeline of relevant events giving rise to this action.

Despite all relevant events giving rise to Mr. Williams' claim having taken place in Tennessee, Conn's remains steadfast in its efforts to have the confirmation/vacation of the arbitration award heard before the Southern District of Texas when this same relief could be sought before this Court (and has been sought pursuant to its Response in Opposition to Plaintiff's Motion to Confirm the Arbitration Award [Doc. 20]).  *Why?*  There are likely a number of reasons, but none of which are based in law or are otherwise meritorious.

First, Conn's is clearly forum shopping with the hopes that the Southern District of Texas will serve as a forum possibly more inclined to reverse a well-reasoned arbitration award. Conn's is clearly doing everything it can to get out of Tennessee as the entirety of its position that the award should be vacated is premised on the faulty notion that its system must have utilized a random or sequential number generator and it is fully aware of the decision rendered out of the Middle District of Tennessee – *Ammons v. Ally Fin., Inc.*, No.: 3:17-cv-00505, 2018 WL 3134619 (M.D. Tenn. June 27, 2018), which found that such random or sequential number generation is not required under the TCPA (notably, the majority of district court decisions on this issue have agreed with the court's rationale in *Ammons*).  Coincidentally, *Ammons* is a case that was extensively briefed by both Plaintiff's and Defendant's respective counsel involved in Plaintiff's underlying arbitration presently sought to be confirmed before this Court.  The parties in *Ammons* filed cross summary judgment motions on a number of issues, including whether a predictive dialer constitutes an ATDS following *ACA Int'l v. Federal Commc'ns Comm'n*, 885. F. 3d 687 (D.C. Cir. 2018).  After much consideration, the Honorable Chief Judge Crenshaw issued an opinion that predictive dialers (like the one used by Respondent) are an ATDS for purposes of the TCPA.

With that said, even if the Fifth Circuit Court of Appeals were to somehow find that the Southern District of Texas was mistaken (which it was not) and it could in fact exercise personal jurisdiction over Mr. Williams (which it cannot), Conn's motion to vacate the arbitration award is fatally flawed from a substantive standpoint.  Beyond the fact that the grounds to vacate an arbitration award are extremely limited[2], Conn's fails to acknowledge that the majority of District Courts have continued to hold that a predictive dialing system (or equipment that dials from a list of numbers automatically, without human intervention at the time of dialing), such as the Noble Systems hosted predictive dialer utilized by Conn's, remains subject to the TCPA. Conn's attempts to argue that Arbitrator Harris's finding that Conn's predictive dialing system is an ATDS for purposes of the TCPA falls outside the scope of his powers, yet such finding by Arbitrator Harris is directly in line with the majority of the District Courts (and was previously briefed by both parties and subsequently argued at the hearing itself). Accordingly, even if the case is remanded back to the Southern District of Texas, Conn's has failed to set forth any meritorious arguments that could otherwise warrant vacating the Arbitration Award at issue.  As such, Conn's continued efforts to have its Motion to Vacate heard before the Southern District of Texas are fatally flawed from both a procedural and substantive perspective and any continued entertainment of these efforts by the courts is a waste of time and judicial resources.

Conn's has already delayed these proceedings for over five (5) months since the award. Even still, Defendant now seeks to further delay these proceedings by filing a meritless motion to appeal the Southern District of Texas's Final Judgment dismissing their Motion to Vacate due to Lack of Personal Jurisdiction and Improper Venue.  Based on the foregoing, it should be clear to

---

[2] "The Federal Arbitration Act ('FAA') expresses a presumption that arbitration awards will be confirmed." <u>Uhl v. Komatsu Forklift Co.</u>, 512 F.3d 294, 305 (6th Cir. 2008) (quoting <u>Nationwide Mut. Ins. Co. v. Home Ins. Co.</u>, 429 F.3d 640, 643 (6th Cir. 2005)).; "When courts are called on to review an arbitrator's decision, the review is very narrow; it is one of the narrowest standards of judicial review in all of American jurisprudence." <u>Samaan v. Gen. Dynamics Land Sys., Inc.</u>, 835 F.3d 593, 600 (6th Cir. 2016) (quoting <u>Uhl</u>, 512 F.3d at 305).

this Court from the record that the Southern District of Texas was correct in its Final Judgment that it was not the proper venue and could not exercise personal jurisdiction over Mr. Williams, and any subsequent appeal by Defendant would be wholly without merit. Accordingly, Defendant's intention of further appealing this issue can only be characterized as an effort to further delay these proceedings and continue its unwarranted harassment of Plaintiff.

This Court should also take into consideration that through its Notice of Intent to File an Appeal, Defendant essentially asks that this Court indefinitely stay the proceedings by refraining from issuing on Plaintiff's Motion to Confirm the Arbitration Award. Notably, to Plaintiff's knowledge as of the time of this filing, the Defendant has not filed any pleadings with the Southern District of Texas or the Fifth Circuit Court of Appeals indicating its intent to file an appeal. This is particularly worrisome as Defendant has failed to even state when it anticipates filing its appeal before the Fifth Circuit of Appeals (or otherwise provide any sort of time frame as to the initiation and/or anticipated conclusion of its appeal). What's even more concerning is that if this Court does not comply with Defendant's request not to take any action on what is otherwise a very straightforward matter, Defendant has threatened "to file a separate appeal to the Sixth Circuit" on any such rulings. [Doc. 26, p. 3]. Such "strong-arm" tactics offer only a glimpse of the continual abuse and harassment that Mr. Williams has now been subjected to for approximately three (3) years and this Court should not reward this type of behavior by reserving ruling on Plaintiff's Motion to Confirm the Arbitration Award.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested herein, confirm the Arbitration Award, and award Plaintiff costs, attorneys' fees, and interest where otherwise deemed appropriate by this Court in connection with the confirmation of the

award. In the alternative, Plaintiff would respectfully request oral arguments on the merits of the issues raised herein.

Dated this 13th day of February, 2019

>Respectfully Submitted,
>
>*/s/ Frank H. Kerney, III*
>Frank H. Kerney, III, Esquire
>BPR No.: 035859
>Morgan & Morgan, Tampa, P.A.
>201 N. Franklin Street, Suite 700
>Tampa, Florida 33602
>T: (813) 223-5505
>F: (813) 223-5402
>FKerney@forthepeople.com
>SHill@forthepeople.com
>KZhang@forthepeople.com
>*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of February, 2019, a true and correct copy of the foregoing was filed via the Court's CM/ECF system which sent electronic notice to all parties of record.

>*/s/ Frank H. Kerney, III*
>Frank H. Kerney, III, Esquire
>BPR No.: 035859