**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**JOHNNIE F. WILLIAMS, JR.**,

        Plaintiff,                              Case No.: **2:17-cv-02052-JTF-cgc**

v.

**CONN APPLIANCES, INC.**,

        Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION (WITH INCORPORATED MEMORANDUM OF LAW) TO DEFENDANT'S MOTION TO DISMISS**

       Plaintiff, JOHNNIE F. WILLIAMS, JR. (herein "Plaintiff" or "Williams"), by and through undersigned counsel, responds in opposition to Defendant, CONN APPLIANCE, INC.'s (herein "Defendant" or "Conn"), *Conn Appliances, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction* [Doc. 29] filed February 25, 2019, and in support thereof states the following:

       1.      On November 29, 2015, the parties entered into a *Retail Installment Contract and Security Agreement* ("Contract") in Tennessee for goods sold and purchased at a retail location in Shelby County, Tennessee.  See Doc. 14-2 at 3.

       2.      After filing his *Compliant* [Doc. 1] on January 26, 2017, the matter was voluntarily dismissed without prejudice on March 3, 2017 pursuant to a request from Defendant's former counsel (attached hereto as **Exhibit "A"**) and in light of an arbitration clause contained within the Contract.  See, generally, Docs. 10-11.

       3.      On March 14, 2017, Williams submitted his dispute to the American Arbitration Association ("AAA").  See Doc. 14-1 at 2.

4.     On July 23, 2018, a final hearing on the dispute commenced before the AAA in Shelby County, TN, by duly-appointed arbitrator David J. Harris.[1]

5.     On September 4, 2018, Arbitrator Harris entered an Award in favor of Williams.  See, generally, Docs. 14 and 14-1.

6.     On September 4, 2018, Williams moved [Doc. 14] this Court to confirm the Award and Conn (just minutes before and unbeknownst to Williams) moved the Southern District of Texas to vacate the Award.  See, generally, Doc. 14 and see Doc. 18 at 2-3.

7.     On September 6, 2018, Conn was served with Williams's *Motion to Confirm Arbitration Award*.  See Doc. 15.

8.     On September 10, 2018, this Court entered an *Order Approving Arbitration Award and Dismissing the Case* [Doc. 16] and *Judgment* [Doc. 17] dismissing the action.

9.     On September 14, 2018, Conn moved to vacate the *Judgment* on the basis of it being "premature."  Conn contended it ". . . was not afforded the time and process to challenge a disputed arbitration award, as authorized by law and this Court's Local Rules."  See Doc. 18 at 1, 3.  Additionally, Conn moved to abate this action pursuant to the "first-to-file"[2]  See Doc. 18 at 5.

10.     Accepting Conn's argument, this Court vacated its *Judgment* so

---

[1] The arbitration was held in Shelby County, TN, because it is where Williams resides and the Contract requires any arbitration hearing to take place near his residence.  See Doc. 14 at 2-3; Doc. 14-2 at 2, 4.

[2] In addition to defending this action on the merits (as discussed herein) Conn argued (see Doc. 18 at 5), according to the "first-to-file" rule, that the S.D. of Texas is the appropriate court to resolve whether this dispute should be resolved in that forum or allowed to proceed here.  Williams has opposed Conn's arguments in its Doc. 23, *Plaintiff's Reply in Support of Motion to Confirm Arbitration Award*.

"Defendant may file a response to Plaintiff's Motion to Confirm Arbitration Award on or before October 9, 2018, i.e., fourteen (14) days from the date of [the] Order, to which Plaintiff may request to file a reply, LR 7.2(c)." See Doc. 19 at 1. As to Conn's request for abatement, this Court deferred its ruling on the request ". . . pending running of the applicable response and reply deadlines, see LR 7.2(a)(2), (c), also to run from the date of [the] Order." See Doc. 19 at 2.

11.    On October 9, 2018, Conn filed its requested response [Doc. 20] to Williams' *Motion to Confirm Arbitration Award*. See Doc. 20. Opposing confirmation of the Award, Conn contends ". . . the Award is not enforceable and should not be confirmed by this Court, because the arbitrator exceeded his powers within the meaning of 9 U.S.C. § 10(a)(4) and otherwise acted contrary to law by issuing an award that contravened the mutually agreed upon restrictions placed on him by the Parties' arbitration agreement." Conn asked this Court to deny Williams's *Motion to Confirm Arbitration Award*. See Doc. 20 at 2. And it claimed to ". . . expressly preserv[e] its request for the Court to abate this action pursuant to the 'first-to-file rule'" and that it filed its response ". . . subject to, but without waiving, its Motion to Abate Action (Dkt. 18)." See, generally, Doc. 20.

12.    On February 7, 2019, following oral argument before its Southern District, the Texas Court found it lacked personal jurisdiction over Williams and dismissed Conn's action to vacate the Arbitration Award. And on February 11, 2019, the Court entered a *Final Judgment* in favor of Williams. See, generally, Doc. 25.

13.    On February 12, 2019, Conn filed a *Notice of Intent to Appeal* [Doc. 26] – suggesting appeal in the Fifth Circuit (arising from the Texas Court's dismissal of Conn's suit). As to the dismissed action, and contending dismissal was improper, Conn argued

that: "[u]nder the first to file rule, this Court should yield to the Texas case and abate this suit pending the case's final outcome." See Doc. 26, ¶ 3.

14.     On February 20, 2019, Conn filed a *Motion for Leave to Reply in Support of Notice of Intent to Appeal* [Doc. 28].  There, Conn advances the argument that it should be able to pursue an appeal as to the dismissed Texas action while simultaneously litigating this action.  See Doc. 28, ¶ 4.

15.     Conn failed to raise (or endeavor preservation of a right to raise) any personal jurisdiction defense in any of the above-referenced filings or in any other manner or at any prior time.

16.     Through Conn's numerous filings, it not only gave Williams reason to believe that it would be proceeding on the merits, but did in fact litigate the merits.

17.     On February 25, 2019, Conn filed a *Motion to Dismiss for Lack of Personal Jurisdiction* [Doc. 29] asserting – **for the first time** and nearly **six (6) months** after being served and actively litigating in this Court – that this Court lacks personal jurisdiction over it.  See, generally, Doc. 29.

18.     This Court has personal jurisdiction over Conn, including, without limitation, because Conn has submitted to the jurisdiction of this Court and has waived its right to raise a personal jurisdiction defense.

19.     Beyond the untimeliness of its Motion, the relationship between Conn and Williams that ultimately led to the present litigation arose out of a financing agreement that was entered into by the parties, in-person, at Conn's retail location in Memphis, TN.[3] See, generally, Doc. 14-2.

---

[3] As Defendant references Plaintiff's Complaint in its Motion to Dismiss [Doc. 29, p. 10], it's further worth noting that Plaintiff also previously asserted in his Complaint [Doc. 1, ¶ 7] that "[t]he alleged violations described herein occurred in Shelby County, Tennessee."

20.     In reaching its determination that this Court has personal jurisdiction over Conn, this Court is to consider not only Plaintiff's Motion to Confirm the Arbitration Award [Doc. 14], but also the exhibits attached therewith [Docs. 14-1 and 14-2] as Fed. R. Civ. P. 10(c) specifically holds "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for *all purposes*" (emphasis added).[4]

21.     The Contract [Doc. 14-2] between the parties clearly shows that 1) the contract arose out of a financing agreement entered into by the parties are Conn's retail location in Memphis, Tennessee; 2) the Plaintiff provided a Memphis, Tennessee address for himself; 3) the Plaintiff provided only one telephone number, which begins with a Tennessee area code ("901"), and; 4) the contract itself states that it is governed by the laws of the State of Tennessee and applicable federal law.

22.     For the reasons set forth above and discussed in greater detail below, Plaintiff's Motion to Confirm is sufficiently pled such that this Court may exercise personal jurisdiction over Conn, Conn's Motion to Dismiss is improperly brought and otherwise due to be denied.

## MEMORANDUM OF LAW IN OPPOSITION TO DISMISSAL

### STANDARD OF REVIEW

Lack of personal jurisdiction as an affirmative defense that may be raised under Fed. R. Civ. P. 12(b).  See Fed. R. Civ. P. 12(b)(2).  The affirmative defenses enumerated in Rule 12(b) enable a party to preemptively move for dismissal of a defective claim without the court having to consider the underlying merits.  "The requirement that a court

---

[4] Moreover, this Court may also consider the allegations as detailed in Plaintiff's Complaint [Doc. 1] should the Court agree that it retained jurisdiction over this matter for purposes of enforcing the arbitration award for reasons previously detailed in Plaintiff's Reply in Support of Motion to Confirm Arbitration Award [Doc. 23, pgs. 4-5].

have personal jurisdiction is a due process right that may be waived either explicitly or implicitly.   The actions of the defendant may amount to a legal submission to the jurisdiction of the court."   <u>Gerber v. Riordan</u>, 649 F.3d 514, 518 (6th Cir. 2011).   In deciding whether a defendant has waived a personal jurisdiction defense, this Court must determine whether any of the defendant's appearances and filings (or totality of them) constituted a "legal submission to the jurisdiction of the court."   <u>Days Inn</u>, 455 F.3d at 905.

## ARGUMENT

### Conn has Submitted to the Jurisdiction of this Court and has Waived any Right to Raise a Personal Jurisdiction Defense.

In this Circuit, "a defendant who wishes to raise a defense to the court's personal jurisdiction must do so when he makes his first defensive move, whether by Rule 12 motion or by a responsive pleading."   <u>Simmerman v. Ace Bayou Corporation</u>, 5:14-382-DCR (E.D. Ky. Mar. 19, 2015) citing <u>Rauch v. Day & Night Mfg. Corp.</u>, 576 F.2d 697, 701 (6th Cir. 1978).   Not only did Conn fail to raise a personal jurisdictional defense in its first defensive move, Conn: (a) failed to raise a personal jurisdiction defense over a span of numerous defensive moves; (b) actively participated in the litigation, including in arguing the merits of this action; and (c) waited nearly six (6) months before deciding to assert this Court lacks personal jurisdiction.

It is prudent to first note that it was not until nearly **six (6) months** after being served with Williams' application to confirm the arbitration Award in his favor, that Conn asserted this Court lacked personal jurisdiction.   The root of the dispute that was voluntarily dismissed in favor of arbitration is that Conn violated William's privacy rights and caused him injury by calling William's cellular telephone (located in and subscribed to by a person residing in Tennessee) using a *type of equipment* that requires

the called party's consent – consent Plaintiff did not have.  In other words, that Conn violated the TCPA.

**Vital to the obvious bad faith that underscores Conn's untimely assertion**, is that Conn filed numerous documents following vacatur of the premature Judgment and in which Conn declined to raise any personal jurisdiction or venue defense despite that this Court's pre-Judgment *Order Approving Arbitration Award and Dismissing the Case* addressed issues of jurisdiction and expressly found that "[v]enue is also proper because the [Contract] entered into between the parties as well as the alleged violations described in the Complaint occurred in Shelby County, Tennessee; thus, a substantial part of the events or omissions giving rise to his action occurred in this judicial district."  Seemingly, Conn would deem it prudent to thereafter timely raise a personal jurisdictional defense if it believed it had one.  Instead, Conn opted to merely contend this is an improper forum based on Conn's minutes-lead in filing in Texas – a matter that has since been dismissed as the Southern District determined it did not have personal jurisdiction over Williams – and otherwise to proceed in arguing the merits of this action.

As recounted in the facts enumerated above, this action (to confirm) commenced September 4, 2018, upon Williams's application to confirm the arbitration Award entered in his favor that day.  After Williams notified [Doc. 15] this Court that Conn had been served, Conn's **first defensive move** was its same-day Motion [Doc. 18] brought under Fed. R. Civ. P. 59(e) or, in the alternative, Fed. R. Civ. P. 60(b)(6).  There, Conn moved to vacate this Court's Judgment on the basis of it being "premature."  And it moved to abate this action *pending the outcome of* the Southern District of Texas action where Conn had moved (the same date Williams moved this Court to confirm) the arbitration Award.  See Doc. 18 at 2.  Though Conn could have chosen to raise or endeavor

preservation of a personal jurisdictional defense, in asserting this Court lacked personal jurisdiction, Conn only argued that it should be afforded time to defend the merits of the action. Indeed, Conn indicated its intent to defend this action on the merits.

"To waive or forfeit a personal jurisdiction defense, a defendant must give plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." Days Inn Worldwide, Inc. v. Patel, 455 F.3d 899, 905 (6th Cir. 2006). **In its first defensive move, Conn failed to raise any personal jurisdiction defense**. See, generally, Doc. 18. Instead, Conn submitted to this Court's jurisdiction and waived any personal jurisdiction defense. In its **second defensive move** (after this Court accepted Conn's argument regarding insufficient time to challenge confirmation and allowed Conn fourteen (14) days to respond), Conn proceeded to defend this action on the merits. In its Response [Doc. 20] to Williams's *Motion to Confirm Arbitration Award* [Doc. 14], Conn argued that the arbitrator exceeded his powers and otherwise acted contrary to law. See, generally, Doc. 20. And Conn asked the Court either abate this action pending outcome of Conn's Texas action or deny Williams's *Motion to Confirm Arbitration Award*. In other words, Conn moved this Court to exercise jurisdiction over Conn in its favor. See Doc. 20 at 2. More still, Conn claimed to ". . . expressly preserv[e] its request for the Court to abate this action pursuant to the 'first-to-file rule'" and claimed to file the Response ". . . subject to, but without waiving, its Motion to Abate Action (Dkt. 18)." See, generally, Doc. 20.

Significantly as to Conn's second defensive move, while it expressly endeavored to preserve and avoid waiver of its request for abatement, Conn took no such endeavors with regard to any jurisdictional defense. Conn framed the issue as: "[u]nder the 'first-to-

file' rule, the Southern District of Texas is the appropriate court to resolve whether this dispute should be resolved in that forum **or allowed to proceed in this Court**." (Emphasis supplied). See Doc. 20 at 1.  Where the Texas Court dismissed Conn's action for lack of personal jurisdiction over Williams, Conn's "first-to-file" argument is moot and Conn has otherwise achieved its desire to delay this action pending outcome of the Texas action.  Again here, Conn failed to raise any personal jurisdiction defense.  Instead, Conn submitted (or further submitted) to the jurisdiction of this Court and waived its personal jurisdiction defense.  Conn's Motion to Vacate Judgment and to Abate Action [Doc. 20] not only served to indicate intent to (and sought permission to) defend this action on the merits, but the Motion (seeking permission to file a substantive response) itself argued the merits of the underlying action – that being, William's application to confirm.  In fact, Conn's **entire** twelve-page *Memorandum of Law and Facts* [Doc. 20-1] serves to argue the merits of the action – in sum, contending the arbitrator exceeded his authority (and otherwise generally relitigating against Williams's underlying TCPA claims).

In its **third defensive move**, Conn filed its *Notice of Intent to File Appeal* [Doc. 26] – suggesting a potential appeal in the Fifth Circuit (contending that Texas improperly dismissed Conn's action).   Despite that the Texas action has been dismissed, Conn contends that: "[u]nder the first to file rule, this Court should yield to the Texas case and abate this suit pending the case's final outcome."  See Doc. 26, ¶ 3.  Again, Conn failed to raise or point to any personal jurisdiction defense.  See, generally, Doc. 26.  And in its **fourth defensive move**, Conn filed its *Motion for Leave to Reply in Support of Notice of Intent to File Appeal* [Doc. 28] – therein advancing the argument that it should be able to pursue the Texas action (via appeal) while simultaneously litigating this action.  See Doc.

28, ¶ 4.  Remarkably, even Conn notes the limited "scope of the 'first-to-file principles raised by [Conn]."  See Doc. 28, ¶ 3.   Yet again, Conn did not raise any personal jurisdiction defense.

Conn has irrefutably defended this action on the merits and submitted arguments and briefing for this Court's determination in opposition (arguing grounds for *vacatur* under the AAA) to William's application to confirm the Award.  See, generally, Docs. 18, 20, 26, and 28. And, incredibly, Conn sought both a favorable determination (which it sure would have accepted) on the merits while simultaneously attempting position itself to challenge an unfavorable ruling based it its allegedly preserved "first-to-file" argument.  See, generally, Doc. 20.  The fact that the outcome of Conn's Texas action was determined in Williams' favor, however, does not now allow Conn to now try a jurisdictional defense.   A defendant waives its personal jurisdictional defense if "submissions, appearances and filings . . . gives [the plaintiff] a reasonable expectation that [the defendant] will defend the suit on the merits or . . . cause the court to go to some effort that would be wasted in personal jurisdiction is later found lacking."  Gerber v. Riordan, 649 F.3d 514, 519 (6th Cir. 2011); Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010).  And here, there is no distinction when it comes to a waiver of jurisdiction – whether specific or general, a party waives the right to contest personal jurisdiction by failing to timely raise the defense.  See, e.g. Reynolds v. Int'l Amateur Athletic Federation, 23 F.3d at 1120 (6th Cir. 1994).

**Even if the Court Were to Somehow Find that Conn Did Not Waive Its Right to Raise a Personal Jurisdiction Defense, Plaintiff's Motion to Confirm is otherwise Sufficiently Pled for this Court to Exercise Personal Jurisdiction over Conn.**

As Defendant correctly notes in its Motion to Dismiss, "personal jurisdiction over a defendant exists 'if the defendant [is] amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process.'" *Bird v. Parsons*, 289 F. 3d 865, 871 (6th Cir. 2002) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Grienpentrog*, 954 F. 2d 1174, 1176 (6th Cir. 1992)). To determine whether exercising jurisdiction comports with constitutional due process, a court therefore employs a three-step analysis: 1) whether the defendant purposefully availed himself of the privilege of acting in the forum state or causing a consequence in the forum state; 2) whether the cause of action arose from the defendant's activities there; *and* 3) whether the defendant's acts have a substantial enough connection with the forum to make the exercise of jurisdiction reasonable. *See Air Prods.*, 503 F.3d at 550 (citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). In making such determination, the Court is permitted to consider a copy of any written instruments attached as exhibits to a pleading as a part of the pleading for all purposes under Fed. R. Civ. P. 10(c); see also *Campbell v. Nationstar Mortg.*, No. 14-1751, 611 Fed.Appx. 288. 291-92, 2015 WL 2084023, at *3 (6th Cir. May 6, 2015) (holding that "[i]n ruling on a motion to dismiss, the court may consider written instruments that are exhibits to a pleading, as those are considered part of the pleading for all purposes."). Here, the Court need not look any further than Plaintiff's Motion to Confirm [Doc. 14] and the exhibits attached thereto – the Arbitration Award (Exhibit "A") and the Retail Installment Contracts (Exhibit "B") to find more than sufficient evidence to exercise personal jurisdiction over Conn.

As it relates to general jurisdiction, a court cannot exercise general jurisdiction over a nonresident defendant unless its "affiliations with the state are so 'continuous and

systematic' as to render [it] essentially *at home* in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2850 (2011). Conn argues that to be "essentially at home in a forum State," a corporation must be "comparable to domestic enterprise in that State" and Plaintiff agrees. Unfortunately for Conn, the Retail Installment Contract [Doc. 14-2] indisputably shows that Conn is "at home" in Tennessee.[5] In fact, the parties entered into the contract at Conn's retail outlet located at Austin Peay Plaza, Memphis, Tennessee 38128.[6] Upon review of this contract, it is readily discernible that Conn has been conducting business out of this location since at least August 31, 2015 and most likely before. Moreover, this agreement specifically contains a provision that "contract shall be governed by the laws of the State of Tennessee and applicable federal law." See Doc. 14-2, p. 2, 4. To now take the position that Conn does maintain continuous and systematic contacts with this State such that it could be subject to this Court's general jurisdiction is beyond disingenuous. Based on this alone, this Court should deny Conn's Motion to Dismiss.

Beyond having general jurisdiction, Williams' filings to date make clear that this Court also has specific jurisdiction. In order to have specific jurisdiction, Plaintiff must show that the "cause of action grows out of, or relates to, a contact between the defendant and the forum state." See S̲e̲i̲f̲e̲r̲t̲h̲ ̲v̲.̲ ̲H̲e̲l̲i̲c̲o̲p̲t̲e̲r̲o̲s̲ ̲A̲t̲u̲n̲e̲r̲o̲s̲,̲ ̲I̲n̲c̲.̲,̲ 472 F.3d 266, 271 (5th

---

[5] Further evidencing the frivolous nature of Conn's Motion to Dismiss, Plaintiff has attached hereto as **Exhibit "B"** Conn's registration filing with the Division of Business Service with the State of Tennessee. Should this Court choose *sua sponte*, it may take Notice of this Filing pursuant to FRE 201(c)(1).

[6] It's worth noting that a quick online search of Conn's shows that they have at least six (6) different retail locations in Tennessee – three (3) in the Memphis area alone.

Cir. 2006).  Such contacts must be purposefully directed to Tennessee and the litigation resulted in the alleged injuries that arose from or relate to those activities.  Id., at 311. While Defendant can choose to bury its head in the sand, it once again cannot escape its own Retail Installment Contract and the information contained therein.  Within this contract, Mr. Williams provided Conn's with both his local Memphis, Tennessee address as well as his local Tennessee cellular telephone number, which begins with (901) – a Tennessee area code.  See Doc. 14-2, pgs. 1, 3.  This same contract includes a provision that states "[y]ou hereby consent to receive autodialed and/or pre-recorded message calls and SMS messages (including text messages)[7] from us…at any telephone numbers that you have provided… Nothing in this agreement shall designate an exclusive manner for revoking your consent to receive calls at a particular wireless telephone number."  See Doc. 14-2, p. 4.  The contract was entered into by the parties at the Conn's retail location at Austin Peay Plaza in Memphis, Tennessee and is otherwise completely devoid of any information that could lead Conn to reasonably believe it was attempting to reach Mr. Williams at any location outside of Tennessee.  Accordingly, the record is abundantly clear that Conn purposefully directed its communications to a resident of Tennessee and those communications resulted in the injuries that ultimately led to this litigation and the arbitrator entering an Award in Williams favor.  See, generally, Docs. 14 and 14-1.  As such, it is indisputable that this Court also has specific jurisdiction over Conn.

## CONCLUSION

Each of the above-detailed filings signal Conn's submission to this Court's jurisdiction.  *Even if*, however, this Court were to determine that one or each of the filings did not alone constitute waiver of a personal jurisdiction defense, taken together, Conn

---

[7] The exact types of communications the TCPA is intended to regulate.  47 U.S.C. § 227 *et seq.*

has unmistakably submitted itself to the jurisdiction of this Court. Conn failed to timely raise a personal jurisdiction defense until nearly six (6) months after being served and otherwise arguing the merits of this action to confirm an arbitration Award. More so, Conn's long and willfully-delayed personal jurisdictional defense serves only to unnecessarily waste judicial recourses and cause undue delay in Williams's action to confirm the Award. Accordingly, it is abundantly clear that Conn has waived any personal jurisdictional defense under Fed. R. Civ. P. 12(b).

However, even if the Court does not agree that Conn has waived its personal jurisdiction defense, for the reasons detailed above, there is more than sufficient evidence in the record that supports this Court exercising either general jurisdiction, specific jurisdiction, or both over Conn.

WHEREFORE, Plaintiff would respectfully request that this Court DENY Defendant's Motion to Dismiss and award Plaintiff reasonable attorney's fees and costs incurred as a result of having to respond to this otherwise meritless Motion.

Dated March ___, 2019.

Respectfully submitted,

/s/ Frank H. Kerney, III, Esq.
**FRANK H. KERNEY, III, ESQ.** (FBN 88672)
MORGAN & MORGAN, TAMPA, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Phone: (813) 577-4729
fkerney@forthepeople.com
jkneeland@forthepeople.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on March 4, 2019, a copy hereof was (is being) filed

with the Clerk of Court via CM/ECF system, which will generate a Notice of Electronic

Filing to all counsel of record, including:

**Michael A. Harvey, Esq.**
**Christopher M. Jordan, Esq.**
MUNSCH HARDT KOPF & HARR
700 Milam St., Ste. 2700
Houston, TX 77002
Tele:  (713) 222-4015
Fax:  (713) 222-1475
Email:  mharvey@munsch.com
cjordan@munsch.com
*Attorneys for Defendant*

**Robert A. Luskin, Esq.**
GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
2100 Tower Place
Atlanta, GA 30326
Tele:  (404) 264-1500
Fax:  (404) 264-1737
Email:  rluskin@gm-llp.com
*Attorney for Defendant*

/s/ Frank H. Kerney, III, Esq.
**FRANK H. KERNEY, III, ESQ.** (FBN 88672)
*Certifying Attorney*