UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JOHNNIE F. WILLIAMS, JR.,

    Plaintiff,

v.

    Case No.: **2:17-cv-02052**

CONN APPLIANCES, INC.,

    Defendant.

_____/

### PLAINTIFF'S MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, JOHNNIE F. WILLIAMS, JR. ("Plaintiff" or "Williams"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 11, moves for sanctions related to Defendant, CONN APPLIANCE, INC.'s (herein "Defendant" or "Conn's"), Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 29], as follows:

1. After nearly six (6) months of litigating the merits of this action (*see* Plaintiff's Motion to Confirm Arbitration Award [Doc. 14]), Conn's asserted an untimely personal jurisdiction defense *via* Motion to Dismiss.  Not only did Conn's fail to raise a personal jurisdictional defense in its first defensive move, Conn's: (a) failed to raise a personal jurisdiction defense over a span of numerous defensive moves; (b) actively participated in the litigation, including in arguing the merits of this action; and (c) waited nearly six (6) months (and after the Southern District of Texas ruled that it could not exercise personal jurisdiction over Williams) before deciding to assert this Court lacks personal

1

jurisdiction. This issue has been addressed and briefed in William's Response in Opposition to Defendant's Motion to Dismiss [Doc. 32] filed on March 4, 2019.

2. Beyond the readily apparent procedural deficiencies, Conn's Motion to Dismiss is substantively without merit and otherwise fatally flawed. Conn's has a retail location at Austin Peay Plaza in Memphis, TN. The contract formulating the business relationship between Plaintiff and Defendant was executed, in-person, at this location. In the contract, Plaintiff provided a local Tennessee address and a telephone number with a Tennessee area code. The contract provides that it shall be governed by the laws of the State of Tennessee and applicable federal law. Conn's had zero reason to believe that its communications in violation of the TCPA would be directed anywhere but to a resident of Tennessee. Provided these facts and those further detailed in the Motion to Confirm the Arbitration Award [Doc. 14] and Plaintiff's Response in Opposition to the Motion to Dismiss [Doc. 32], there is no question the Western District of Tennessee has personal jurisdiction over Conn's.

3. Conn's Motion to Dismiss ("Motion") was presented to the Court without having made a reasonable pre-filing investigation as required by Fed. R. Civ. P. 11.

4. Conn's Motion was presented to the Court to harass, to cause unnecessary delay, and/or needlessly increase the costs of litigation.[1]

5. The claims, defenses, and other legal contentions raised in Conn's Motion are not warranted by existing law and do not have evidentiary support.

6. Conn's Motion to Dismiss advances a groundless and wasteful challenge to

---

[1] Plaintiff would refer this Court to Plaintiff's Response to Defendant's Notice of Intent to File Appeal for a more detailed history of Defendant's continuous efforts to unnecessarily delay these proceedings and further harass Plaintiff. See, generally, Doc. 27.

this Court's personal jurisdiction and was otherwise submitted in bad faith.

7. Conn's Motion to Dismiss was filed in violation of Fed. R. Civ. P. 11.

8. Where a paper is filed in violation of Fed. R. Civ. P. 11, sanctions are warranted.

9. Plaintiff has incurred reasonable attorney fees and costs as a direct result of Conn's violation of Fed. R. Civ. P. 11.

10. For reasons stated above and discussed in greater detail below, this Court should impose appropriate sanctions in relation to Conn's Motion including awarding Williams the fees and expenses resulting from the violation and imposing any other sanctions appropriate to deter repetition of the conduct or comparable conduct.

11. In accordance with Fed. R. Civ. P. 11(c)(2), Williams has served this Motion on March 5, 2019 without filing or presenting it to the Court. If Defendant has not withdrawn its Motion within twenty-one (21) days of service hereof, this Motion may be filed and accompanied by affidavit(s) of the reasonable fees and costs incurred by Williams in relation thereto.

**MEMORANDUM OF LAW IN SUPPORT OF REQUESTED RELIEF**

**STANDARD OF REVIEW**

Fed. R. Civ. P. 11 provides that "sanctions may be imposed if a reasonable inquiry discloses [that a] pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." Merritt v. Int'l Ass'n of Machinists & Aerospace Workers, 613 F.3d 609, 626 (6th

Cir. 2010). Any such sanctions may be assessed against attorneys, law firms, or parties, instead of limiting sanctions to the signers of the documents. See Obert v. Republic W. Ins. Co., 264 F. Supp. 2d 106, 119 (D.R.I. 2003). "[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus . . . streamline the administration and procedure of the federal courts." Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 390 (1990). In other words, the Rule is aimed at "curbing abuses of the judicial system . . ." Id. And "the court may impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Though such a sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). While district courts are given "considerable discretion" in determining whether sanctions should be issued under Rule 11, such motions are measured against an "objective standard of reasonableness under the circumstances" and courts must test what was reasonable to believe at the time the pleading, motion, or other paper was submitted. See Indah v. U.S. S.E.C., 661 F.3d 914, 928 (6th Cir. 2011); see also Merritt at 626.

## ARGUMENT

**Sanctions are Warranted to Curb Ongoing Litigation Abuse**.

By signing a pleading, motion, or other paper, or later advocating it, the signer certifies that it is grounded in fact and law and is not filed for any improper purpose. See Fed. R. Civ. P. 11. The Tennessee Supreme Court cautioned that the primary objective of Rule 11 is to deter attorneys from violating the Rule. Andrews v. Bible, 812 S.W. 2d 284, 292 (Tenn. 1991). It aptly characterized Rule 11 as a "potent weapon that can and should be used to curb litigation abuses." Id. Consequently, Rule 11 provides for sanctions against

4

"any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). In signing the subject Motion to Dismiss, Conn's counsel has certified to this Court that the Motion is grounded in fact and law not filed for any improper purpose. Instead, and as otherwise discussed in Plaintiff's Response in Opposition to Conn's Motion to Dismiss [Doc. 32] filed on March 4, 2019, Conn's Motion is in contravention to existing law and is being presented for an improper purpose.

## CONCLUSION

Conn's attorney knew, or should have known through reasonably inquiry, that the Motion to Dismiss is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and/or (3) interposed for any improper purpose such as harassment or delay. Accordingly, and for the reasons stated herein, sanctions are warranted under Fed. R. Civ. P. 11.

Dated March 28, 2019.

Respectfully submitted,

*/s/ Frank H. Kerney, III*
**FRANK H. KERNEY, III, ESQ.** (TBN 035859)
MORGAN & MORGAN, TAMPA, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Phone: (813) 577-4729
fkerney@forthepeople.com
snazario@forthepeople.com
*Counsel for Plaintiff*

5

## **CERTIFICATE OF CONSULTATION**

In compliance with Fed. R. Civ. P. 5 and 11(c)(2), the undersigned hereby certifies that on March 5, 2019 he consulted by e-mail (sent to Michael Harvey, Esq. mharvey@munsch.com; Chris Jordan, Esq., cjordan@munsch.com, and; Robert Luskin, Esq., rluskin@gm-llp.com) and letter(s) sent *via* Federal Express overnight (sent to Michael Harvey, Esq. / Chris Jordan, Esq., Tracking No.:  4061 3512 1096; Robert Luskin, Esq., Tracking No.:  4061 3512 1100) with Defendant's counsel requesting Defendant withdraw its Motion to Dismiss for Lack of Personal Jurisdiction and attaching Plaintiff's Motion for Sanctions.  To date, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction has not been withdrawn.

      */s/ Frank H. Kerney, III*
      **FRANK H. KERNEY, III, ESQ.** (TBN 035859)
      *Certifying Attorney*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on March 28, 2019, a copy hereof was (is being) filed with the Clerk of Court via CM/ECF system, which will generate a Notice of Electronic Filing to all counsel of record, including:

**Michael A. Harvey, Esq.**
**Christopher M. Jordan, Esq.**
MUNSCH HARDT KOPF & HARR
700 Milam St., Ste. 2700
Houston, TX 77002
Tele: (713) 222-4015
Fax: (713) 222-1475
Email: mharvey@munsch.com
cjordan@munsch.com
*Attorneys for Defendant*

**Robert A. Luskin, Esq.**
GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
2100 Tower Place
Atlanta, GA 30326
Tele: (404) 264-1500
Fax: (404) 264-1737
Email: rluskin@gm-llp.com
*Attorney for Defendant*

                    */s/ Frank H. Kerney, III*
                    **FRANK H. KERNEY, III, ESQ.** (TBN 035859)
                    *Certifying Attorney*