## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

JOHNNIE F. WILLIAMS, JR.,   §
   Plaintiff,       §
             §
v.            §
             §   Case No.: 2:17-cv-02052-JTF-cgc
CONN APPLIANCES, INC.,    §
   Defendant.      §
             §

### CONN APPLIANCES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff Johnnie F. Williams, Jr. ("Mr. Williams") apparently premises his Motion for Sanctions on non-binding (and in any event distinguishable) rulings by courts from *outside* this circuit, as well as contentions that categorically are foreclosed by United States Supreme Court authority and many of the very authorities he purports to rely upon. Mr. Williams's Motion for Sanctions should be denied. Indeed, he had no good faith basis in law or fact to justify filing the Motion against Conn Appliances, Inc. ("Conn Appliances").[1]

## I.  SUMMARY OF ARGUMENT

---

[1] A structural difficulty created by the manner in which Mr. Williams has elected to present his Motion for Sanctions, is he did not to therein fully brief the proffered bases for sanctions. He instead purports to incorporate by reference prior briefing and otherwise states as follows in a "Certificate of Consultation" on page six of the Motion: "the undersigned hereby certifies that on March 5, 2019 he consulted by e-mail [with counsel for Conn Appliances] and letter(s) sent via Federal Express overnight . . . requesting [Conn Appliances] withdraw its Motion to Dismiss for Lack of Personal Jurisdiction . . . ." (ECF No. 40, Page 6 of 7). Mr. Williams did not, however, attach the referenced communications to his Motion.

Those omissions make it challenging for Conn Appliances to respond to the patchwork justifications Mr. Williams perhaps intends to rely upon as bases for his Motion, in part because it is unclear whether or not he is purporting to rely upon all, or only some grounds raised in the communications between counsel. Conn Appliances focuses this response on contentions it anticipates Mr. Williams intends as support for his Motion for Sanctions, but does not assume the burden of submitting the background material Mr. Williams elected not to provide the Court.

Mr. Williams filed a Motion to Confirm Arbitration Award (the "Motion to Confirm") on September 4, 2018, wherein he admitted an underlying arbitration award could be confirmed by this Court *only* if this Court is one "with jurisdiction."  (*see* ECF No. 14, Page 3 of 5, ¶¶ 11, 13). In the Motion to Confirm, Mr. Williams averred this Court has subject matter jurisdiction (and venue), but *not once* therein even mentioned the phrase "personal *jurisdiction*" or made any factual averments from which jurisdiction of the kind could be inferred.

It is beyond peradventure Mr. Williams had the burden to assert, and then establish facts sufficient for this Court to exercise personal jurisdiction.  *See, e.g., Palnik v. Westlake Entm't, Inc.*, 344 Fed. Appx. 249, 252 (6th Cir. 2009) ("Because one conclusion supports jurisdiction and the other does not, [Plaintiff's initiating document] remains *unclear* as to jurisdiction and therefore *fails* absent reasonably particular facts that resolve which is the better understanding of the defendants' actions toward the forum state. . . . [Plaintiff's] allegations provide no such resolution . . . .") (emphasis added); *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012) ("In response to a motion to dismiss, the *plaintiff* . . . must show the specific facts demonstrating that the court has jurisdiction.") (emphasis added).[2]

Only after Conn Appliances moved to dismiss based on the absence of personal jurisdiction did Mr. Williams make a *post hoc* effort to make the requisite showing, but even in so doing, he has:  (1) relied upon a non-binding, extra-circuit ruling regarding jurisdiction over Telephone Consumer Protection Act ("TCPA") claims that was not decided until *after* Conn Appliances filed its Motion to Dismiss, and which Mr. Williams in any event misconstrues; (2)

---

[2] Although Mr. Williams initiated this action by way of a "motion," as opposed to a "pleading," *see* 9 U.S.C. § 6; the referenced authorities are of analogous import, because the plain language of the Parties' arbitration agreement tracks general civil litigation principles by demanding an award can be enforced only by a court "with jurisdiction." The cited authorities reflect the burden to make that showing universally is understood to reside with a plaintiff.

directed Conn Appliances to yet another extra-circuit ruling that addresses "implicit" consent to personal jurisdiction—but Mr. Williams has ignored an *exception* to that principle that plainly applies on this record; and (3) asserted waiver, specific jurisdiction, and general jurisdiction contentions Conn Appliances previously demonstrated are entirely without merit.

Mr. Williams's unimpressive showing makes it unlikely he will prevail in the underlying dispute regarding whether personal jurisdiction is lacking.  It consequently is extraordinary he relies upon that same unimpressive showing to suggest he is entitled to Rule 11 sanctions.

## II.   ARGUMENT & AUTHORITIES

### A.   Temporal Standard for Rule 11 Sanctions

The temporal metric for evaluating whether a court may impose Rule 11 sanctions are the circumstances as they existed *at the time* a filing was "presented," i.e., "By *presenting* to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable *under the circumstances* . . .," the proscriptions of Rule 11 have not been violated.  *See* FED. R. CIV. P. 11(b) (emphasis added).

This is significant, because Conn Appliances filed its Motion to Dismiss for Lack of Personal Jurisdiction on February 25, 2019 (the "Motion to Dismiss," ECF No. 29).  Mr. Williams responded with waiver, specific jurisdiction, and general jurisdiction contentions on March 4, 2019.  (ECF No. 32).  Each of those contentions was transparently misguided for reasons previously briefed and which will be (succinctly) reiterated below.  Indeed, it is questionable whether any of those contentions rose above the threshold of specious—meaning

the contentions most certainly gave Conn Appliances no cause for concern its Motion to Dismiss had been unwarranted when "presented."

By comparison, Mr. Williams *since* has cited a single case that at least arguably addresses jurisdictional principles that apply in a case of this kind, wherein the underlying claim arises from a TCPA dispute. *See Weiss v. Grand Campus Living*, No. 1:18-cv-00434-JRS-TAB, 2019 U.S. Dist. LEXIS 41041 (S.D.IN. March 14, 2019).[3]  Although Mr. Williams misreads *Weiss* for reasons that will be discussed below, his more fundamental misstep in proffering the case as grounds for sanctions, is *Weiss* was not decided until seventeen days *after* Conn Appliances filed the Motion to Dismiss.

It is absurd for Mr. Williams to (apparently) suggest the Motion to Dismiss somehow could have been frivolous when "presented," based on a non-binding case that had not yet been decided, and that not even Mr. Williams was able to cite in his Mach 4, 2019 opposition to the Motion to Dismiss (ECF No. 32)—because *Weiss* was not decided until ten days thereafter. *Cf. Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 530 (5th Cir. 2006) ("As this Court has recognized on numerous occasions, assessing whether conduct is 'reasonable *under the circumstances*' requires the district court to analyze counsel's conduct as it appeared *at the time* counsel acted.") (emphasis added).[4]

But even if *Weiss* had been decided prior to Conn Appliances' Motion to Dismiss, the holding therein simply does not have the import Mr. Williams attempts to attribute—just as the

---

[3] Counsel for Mr. Williams also is counsel of record in parallel litigation in this Court against Conn Appliances, and involving another TCPA claimant, Veronica Davis. *See* (Case 2:19-mc-00009).  In that matter, the claimant also has cited *Weiss* as purported support for personal jurisdiction over Conn Appliances. *See* (Case 2:19-mc-00009, ECF No. 1, Page 5 of 6).  For reasons discussed below, the ruling in *Weiss* benefits neither Mr. Williams nor Ms. Davis.

[4] Mr. Williams for the first time cited *Weiss* to the Court by way of a Notice of Filing Supplemental Authority dated March 15, 2019.  (ECF No. 39)

case law and legal principles Mr. Williams has relied upon for his alternative contentions regarding "implicit" consent," "waiver," and specific or general jurisdiction are off base as discussed below.

> **B.     A Mobile Phone's Area Code does not Suffice to Establish Personal Jurisdiction – and the Court in *Weiss* did not Hold Otherwise**

The Southern District of Indiana's ruling in *Weiss v. Grand Campus Living* does <u>not</u> provide grounds for this Court to disregard the weight of authority, which holds calls made to a mobile phone cannot, *without more*, justify personal jurisdiction based on area code.  Most fundamentally, *Weiss* is not binding precedent on this Court, because it was not decided by the United States Supreme Court, Sixth Circuit, or even a sister court within this circuit.

But even if it were, the holding in *Weiss* is entirely consistent with the weight of authority that the inherently transient nature of mobile telephone technology undercuts any presumption a defendant *intentionally* is directing activity at any specific *state* by contacting a person on a mobile phone.  *Cf. Cantu v. Platinum Mktg. Grp., LLC*, Civil No. 1-14-CV-71; 2015 U.S. Dist. LEXIS 90824, **9 – 10 (S.D. Tex. July 13, 2015) ("Mindful that 'we live in a very mobile society,' . . ., the Court determines that showing that a TCPA defendant called a phone number in an area code associated with the plaintiff's alleged state of residence does not, by itself, establish minimum contacts with that state."); *Betz v. Aidnest*, No. 1-18-cv-0292; 2018 U.S. Dist. LEXIS 183632, *19 (D.D.C. October 26, 2018) ("several federal courts have recognized in TCPA cases that, with respect to cell phones, the area code prefix is 'not dispositive of the residence, domicile or location of the cell phone owner.'").

Additional facts instead must establish the defendant *intended* to exploit some unique benefit of directing the communication into a specific *state*—as opposed to the entirely fortuitous, functional necessity of contacting a *person* by way of that person's mobile phone.  A mobile phone's area code simply cannot permit an inference of state-targeted activity, because no such inference any longer is plausible. *Cf. Cantu*, 2015 U.S. Dist. LEXIS 90824 at ** 10 – 11 ("As of 2014, 'a significant majority of American adults,' more than ninety percent of them, own cell phones . . . .  Many cell phones could 'just as easily be called cameras, video players, rolodexes, calendars, tape recorders, libraries, diaries, albums, televisions, maps, or newspapers,' and their varied uses would still not be exhaustively cataloged. . . .  Given those varied uses, the majority of smart phone users do not easily part with their phone and the data it contains. . . .  As a result of the changes wrought by pervasive use of cell phones, courts dismissing TCPA claims for lack of personal jurisdiction have implicitly or explicitly 'recognize[d] that a cell phone prefix, unlike a landline, *is not dispositive* of the residence, domicile or location of the cell phone owner' . . . .  Indeed, the cases show that, increasingly, people keep their cell number as they move from state to state, untethering the number's area code from its owner's state of residence.").

Although Mr. Williams misperceives the import of the holding in *Weiss*, that holding honors precisely this distinction, which makes it patently incorrect for Mr. Williams to imply simply because Conn Appliances may have been aware Mr. Williams *at some point* resided in Tennessee, that somehow ordains that Conn Appliances intentionally was targeting that *state* when it called Mr. Williams's mobile phone.  *Cf.* (ECF No. 40, Page 2 of 7, ¶ 2).  No such suggestion can be recoiled with the cases that "show that, increasingly, people keep their cell

number as they move from state to state, untethering the number's area code from its owner's state of residence."  2015 U.S. Dist. LEXIS 90824 at *11.

*Weiss* in no way implies otherwise, because in that case, a federal court sitting in Indiana did *not* hold it could exercise personal jurisdiction over a non-resident defendant, simply because the defendant contacted an Indiana citizen on a mobile phone with an Indiana area code.  Indeed, the *Weiss* court expressly recognized the line of authority that holds area code does not justify an inference of purposeful availmet.

For instance, the *Weiss* court acknowledged an earlier holding by an Illinois federal court in *Sojka v. Loyalty Media LLC*, Case No. 14-cv-770, 2015 WL 2444506 (N.D. Ill. May 20, 2015), *see* 2019 U.S. Dist. LEXIS 41041 at **5 – 6 , which is the very same holding endorsed by several of the cases Conn Appliances has cited, *e.g.*, *Cantu* and *Betz*.   The common import of *Sojka* is that an Illinois federal court declined to exercise personal jurisdiction over a non-resident defendant, because "despite the plaintiffs' Illinois area code, the local nature of the [non-resident] defendant's business (sales . . . *in* Colorado) and of the content of the text messages (promotions redeemable only *in* Colorado) undermined any inference that the defendant *purposefully* directed its activity to *Illinois* by texting an Illinois phone number."  2019 U.S. Dist. LEXIS 41041 at *8 (citing *Sojka*) (emphasis added).

Far from disavowing the reasoning from *Sojka*, the court in *Weiss* instead concluded unique *factual* considerations on the record before it necessitated a different outcome.  *Id*.  In particular, unlike the non-resident defendant at issue in *Sojka*, the non-resident defendant in *Weiss* was not merely contacting a mobile phone with *indifference* to where the user was located. The defendant in *Weiss* instead made a calculated effort to reach persons *in* Indiana, because it

was marketing a product that necessitated it reach persons *in* Indiana *on* their mobile phones, *i.e.*, defendant's "conduct-texting Plaintiff's Indiana cell phone number-reflects *intent* to market the [product to] out-of-state students and prospective students, including those *in* Indiana."   *Id.* at **8 – 9 (emphasis added).

In this matter, Mr. Williams has not identified *any* parallel facts to warrant an equivalent inference that Conn Appliances calculated to accomplish a business advantage specific to Tennessee, when it contacted Mr. Williams.   Although Conn Appliances and Mr. Williams engaged in a *previous* business transaction in Tennessee—the disputed calls to Mr. Williams's mobile phone had nothing to do with an attempt by Conn Appliances to facilitate prospective or ongoing business transactions that required it to target Mr. Williams *in* Tennessee.

Conn Appliances instead was attempting to collect payments that *already* had accrued and were outstanding.   The nature of that particular effort, which was the impetus of Mr. Williams's TCPA claim and thus controlling, made it immaterial to Conn Appliances where Mr. Williams was located when he received calls, because Conn Appliances had the right to call Mr. Williams *wherever* he was located.   Mr. Williams indeed failed to plead, and has not since established any basis to infer placing a call to a Tennessee area code in an attempt to collect overdue payments, somehow provides superior benefits compared to a call made to the area codes of the remaining forty-nine states, U.S. territories, or even internationally.

Mr. Williams indeed has not implied, nor could he credibly do so, that if relocated *outside* of Tennessee, but he maintained his mobile number—that somehow would have deterred or impeded Conn Appliances' ability to contact him at that very same number, in the very same manner, to collect the outstanding payments.   His supposed location in Tennessee when he

received the calls (which in no event ever has been substantiated), was entirely "random and fortuitous" relative to this dispute. This is precisely what has motivated courts in TCPA cases to reject the notion that simply calling a mobile phone warrants personal jurisdiction in the area code associated with the mobile phone, because the locale of a call recipient quite often (as was the case here) is entirely immaterial to the challenged conduct. The *Weiss* court did not hold otherwise or purport to proffer any basis for this Court to do so.

The ruling in *Weiss* therefore offers little, if any, support to Mr. Williams's underlying opposition to the Motion to Dismiss. And it most certainly does not warrant imposition of sanctions against Conn Appliances.

### C.     Conn Appliances did not "Consent" to Personal Jurisdiction in Tennessee

 After Conn Appliances filed its Motion to Dismiss, Mr. Williams communicated yet another extra-circuit ruling as purported support for the contention Conn Appliances somehow acquiesced to personal jurisdiction in a Tennessee federal court, by previously agreeing to arbitrate in Tennessee. He has premised this contention on a thirty-four year-old holding from a case decided by the First Circuit Court of Appeals, styled *Weststar Assocs., Inc. v. Tin Metals Co.*, 752 F.2d 5 (1st Cir. 1985).[5]

Although Mr. Williams did not cite (or brief) *Weststar Associates* in his Motion for Sanctions, this argument is a variation of a contention he asserted in his opposition to the Motion to Dismiss regarding choice of law (in contrast to forum selection) principles. The ruling in *Weststar Associates* does not make that contention any more formidable, because Mr. Williams

---

[5] Counsel for Mr. Williams also has cited *Weststar Associates* in the parallel litigation involving Veronica Davis. *See* (Case 2:19-mc-00009, ECF No. 1, Page 5 of 6, ¶ 28).

has disregarded an equally well-established exception to the principle discussed in *Weststar Associates*.

In that ruling, the First Circuit Court of Appeals held a non-resident arbitrating party "implicitly" waived an objection to the exercise of personal jurisdiction by a Massachusetts court (to enforce an eventual arbitration award), by previously consenting to the underlying arbitration in Massachusetts.  752 F.2d at 8 – 9 ("Although the contract did not specify the place where the arbitration would take place . . ., [the arbitrating party] consented to the [Massachusetts] locale by not objecting . . . and by itself participating in the arbitration.  The occurrence of the arbitration in [Massachusetts] was clearly an event of sufficient significance to allow Congress to provide for enforcement in the District of Massachusetts . . . . In these circumstances, . . . the district court clearly had jurisdiction under the express language of section 9 to enforce the award against [the arbitrating party].").

As an initial matter, Conn Appliances does not herein concede even the basic principle addressed in *Weststar Associates*, because it appears to be significantly in tension with a parallel principle of law that a "waiver" or "release" of a right can be effected only through a more intentional act—not the type of implication referenced in *Weststar Associates*.  *Cf. Corrington v. Equitable Life Assur. Soc'y*, 265 F. Supp. 2d 905, 912 (W.D. Tenn. 2003)  ("The courts of this state repeatedly have held that in order to constitute an abandonment or waiver of a legal right, there must be a clear, unequivocal, and decisive act of the party showing such a purpose, or acts amounting to an estoppel on its part. Abandonment or waiver of a right important to parties cannot be made out by uncertain implication, but ought clearly to appear . . . .") (quoting *Kentucky Nat'l Ins. Co. v. Gardner*, 6 S.W.3d 493, 498-499 (Tenn. Ct. App. 1999)).

That notwithstanding, even courts that *have* embraced the principle that a party implicitly can waive an objection to personal jurisdiction by otherwise submitting to an antecedent arbitration in a forum, also have held there is *no* such waiver if the express terms of an arbitration agreement preserve jurisdictional challenges.  As contemplated by that exception, Mr. Williams's agreement with Conn Appliances contains the following preservation clause: "Judgment on the award may be entered in any court *with jurisdiction*."  (ECF No. 20-2, Page 3 of 8) (emphasis added).

A clause of this kind is treated as a limitation on the courts that may enforce an arbitration award, which precludes any presumption a court that happens to sit in the locale of an arbitration proceeding, also by default will be an appropriate court to adjudicate enforceability of an eventual award.  Instead, all prerequisites for jurisdiction (subject matter *and* personal) would have to be established to discern the "court *with jurisdiction*."

For instance, the above-quoted clause from Mr. Williams's arbitration agreement is nearly identical to language in an arbitration agreement the United States Court of Appeals for the Second Circuit (which otherwise embraces the implicit consent principle) concluded *precluded* implicit consent to personal jurisdiction:

> The [previously decided] case . . . is distinguishable from the case at bar because the contract between the parties provided that 'the arbitration shall be enforceable under and pursuant to the laws of the State, Country or Government *having jurisdiction* and that judgment upon the award may be entered in any court of any *such jurisdiction*.'  The [previous] court pointed out that this specific provision, not present in the contract before us, precluded any *implication* that the parties intended, merely by agreeing to arbitrate in New York, to consent to the jurisdiction of any court *not otherwise* 'having jurisdiction.'"

*Farr & Co. v. CIA. Intercontinental de Navegacion, S. A.*, 243 F.2d 342, 346 (2nd Cir. 1985) (emphasis added).

Mr. Williams has disregarded that the exception addressed in *Farr & Co.* controls here, given the plain language of the Parties' arbitration agreement.  Accordingly, the very same line of cases Mr. Williams purports to rely upon, in substance undercuts both his personal jurisdiction contentions and his rationale for seeking sanctions.

### D.   Conn Appliances Previously has Addressed Mr. Williams's "Waiver" and "Minimum Contacts" Contentions—None of Which have Merit

Other than as discussed above, Mr. Williams has incorporated by reference the contentions he propounded in response to Conns Appliances' Motion to Dismiss, i.e., that Conn Appliances purportedly waived its personal jurisdiction challenge, and the Parties' interaction purportedly gave rise to sufficient contacts in Tennessee to support either specific or general jurisdiction.  None of these contentions are sound or reflect a defensible application of controlling law.

### 1)   Conn Appliances did not Waive its Personal Jurisdiction Defense

Mr. Williams's obtuse invocation of "defensive moves" as the purported metric for waiver of a Rule 12 defense is specious, *cf.* (ECF No. 40, Page 1 of 7, ¶ 1), because it is not the standard for waiver in the Sixth Circuit or any other court Conn Appliances has been able to identify.  Conn Appliances previously briefed this issue in its  Reply in Support of its Motion to Dismiss for Lack of Personal Jurisdiction, *see* (ECF No. 38), and only briefly reiterates the relevant principles herein.

As an initial matter, Federal Rule of Civil Procedure 12(h) specifies the limited means by which a personal jurisdiction defense may be waived (by operation of that Rule).  In so doing, the Rule adheres to the firm distinction between a "pleading," contrasted with a "motion."  *Cf. Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) ("The term 'responsive

pleading' is defined by reference to FED. R. CIV. P. 7(a), which *distinguishes* between pleadings and motions . . . .) (emphasis added).

The various Rule 12(h) waiver mechanisms are tied *specifically* to whether a filing properly is characterized as a "pleading," versus a "motion." Mr. Williams's amorphous invocation of "defensive moves" as a proxy for those waiver mechanisms demonstrates a gross misunderstanding of the distinction.

Under Rule 12, a party waives a personal jurisdiction defense only by: (1) omitting it from a previously filed Rule 12 *motion*, (2) failing to include it in a responsive *pleading*, or (3) simply never raising the personal jurisdiction defense at all by *motion*. *See* FED. R. CIV. P. 12(h)(1). Absent waiver through one of these expressly articulated mechanisms, the Rule makes plain a defendant does *not* waive Rule 12 defenses, because under the Rule (which should not be confused with a standalone waiver standard created by the Sixth Circuit, and discussed below) defenses may be asserted "at trial." *See* FED. R. CIV. P. 12(b) (emphasis added).

Conn Appliances did not file *any* Rule 12 dismissal motion prior to the Motion to Dismiss at issue, nor did it file (or have any basis to file) a responsive *pleading* in this matter. Conn Appliances merely filed a substantive response to the *motion* Mr. Williams filed to initiate this confirmation action, *see* 9 U.S.C. § 6, which was not a "pleading."

Accordingly, the singular remaining mechanism by which Conns could have effected a Rule 12(h) waiver of its personal jurisdiction defense would have been had Conns *never* "ma[d]e it by *motion* under this rule . . . ." FED. R. CIV. P. 12(h)(1)(B)(i) (emphasis added). That plainly is not the case, because Conn Appliances raised the defense by way of its Motion to Dismiss. None of the circumstances for Rule 12(h) waiver consequently can be shown on this record.

There likewise was no waiver under a parallel Sixth Circuit standard that provides: "Only those submissions, appearances and filings that give '[P]laintiff a reasonable expectation that [Defendants] will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking,' . . . result in waiver of a personal jurisdiction defense." *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011).

Mr. Williams relied heavily upon *Gerber* in his opposition to the Motion to Dismiss, and again by incorporation into his Motion for Sanctions—but that ruling in every material respect demonstrates why Conn Appliances did *not* waive its personal jurisdiction defense.  First, at the outset of this litigation, Conn Appliances requested the Court *abate* this action precisely to prevent any suggestion it intended to "defend the suit on the merits" or preferred for the Court "to go to some effort that would be wasted if personal jurisdiction [was] later found lacking . . . ."  *See* (ECF Nos. 18 and 26).

On its face, a request to *abate* does not imply submission to the Court's jurisdiction, because Conn Appliances explicitly asked this court <u>not</u> to advance this case.  This conclusion is compelled by the following holding in *Gerber*:  "Defendants' motion for a stay 'does not come close to what is  required for waiver or forfeiture' of a personal jurisdiction defense."  649 F.3d at 519.

It otherwise has been specious for Mr. Williams to suggest Conn Appliances' filings in this matter, such as a prior request to vacate a judgment, somehow operated as acquiescence to jurisdiction.  *Cf. id*. at 520 ("Defendants' motion to vacate the default judgment, without more, would not have resulted in a waiver of their personal jurisdiction defense.").  As to each subsequent filing Mr. Williams has referenced, he either ignores the filings were submitted

14

"subject to" Conn Appliances' motion abate—or the very purpose of the filings were to reiterate Conn Appliances' request for this Court to forgo proceeding with this action.

When, for instance, Conn Appliances complied with this Court's Order to file a substantive response in opposition to Mr. Williams's Motion to Confirm—it did so expressly "SUBJECT TO ITS MOTION TO ABATE ACTION . . . ."  (ECF No. 20).  In the abstract, it would be difficult to accept Conn Appliances' compliance with a Court directive to file the submission could operate as voluntary waiver; but it simply is beyond the pale for Mr. Williams to suggest as much when Conn Appliances *captioned* the court-ordered submission with the qualifier, "SUBJECT TO ITS MOTION TO ABATE ACTION . . .," and reiterated the request for abatement in the body of the response.  *See* (ECF No. 20, Page 2 of 3) ("Conn Appliances files this response subject to, but without waiving, its Motion to Abate Action . . . .").

Conn Appliances consequently never affirmatively, or implicitly, submitted to merits adjudication in these proceedings.  It instead repeatedly asked this Court *not* to act, which provides no basis to infer waiver.

### E.    Mr. Williams Never Has Articulated Plausible Bases to Find Constitutionally Sufficient Contacts

The above-discussed ruling in *Weiss* (and related cases) demonstrates this Court does not have "specific" jurisdiction over Conn Appliances by virtue of calls made to Mr. Williams's mobile phone.  Mr. Williams's alternative contentions regarding "general" jurisdiction, premised on "business" Conn Appliances conducts in Tennessee is even more offensive to settled principles of law.

Mr. Williams has contended, for instance, this Court should exercise general jurisdiction, because Conn Appliances has retail stores in Tennessee, and Mr. Williams's retail installment

contracts contain a choice of law provision stating *those* agreements shall be governed by Tennessee law.  Neither consideration (even if presumed to be accurate) is sufficient to justify general jurisdiction.

First, it is essential to recognize the legal distinction between a contract "as a whole," compared to an arbitration agreement imbedded *within* a contract:  "[A]s a matter of substantive federal arbitration law, an arbitration provision is severable from the *remainder* of the contract." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 – 71 (2010) (emphasis added).  Nowhere in Mr. Williams's various contracts, whether the contracts as a whole, or the arbitration provisions imbedded therein, is there a clause wherein Conn Appliances expressly assented to personal jurisdiction in Tennessee.  *See generally* (ECF No. 20-2).  Mr. Williams nevertheless appears to suggest a "choice of law" provision in the contracts as a whole should be given the far broader import of serving as Tennessee "forum" selection clauses.  That argument is untenable for several reasons.

As an initial matter, Mr. Williams's contention is misguided because he is seeking to enforce an arbitration award premised on purported TCPA violations, which is *not* a contract-based claim.  A TCPA violation is in the nature of a tort—which is a principle expressly recognized even in *Weiss* (though overlooked by Mr. Williams).  *See* 2019 U.S. Dist. LEXIS 41041 at *5.  Accordingly, even assuming the contracts contain a Tennessee "choice of law" clause of some kind – the TCPA claim is *not* subject to that contract-specific restraint.

Second, even if the Court were to look to the provisions of the contract to assess the prospect of personal jurisdiction (though it should not); Mr. Williams is mistaken regarding the jurisdictional import he attributes to the choice of law provision.  The contract, under the

"MISCELLANEOUS" section, unquestionably contains a clause that reads: "This contract shall be governed by the laws of the State of Tennessee and applicable federal law." But because the issue here is *enforcement of an arbitration award*, the foregoing clause is *not* the controlling contractual provision.

The contract instead contains a *separate* provision expressly addressing enforcement of arbitration awards (under the "ARBITRATION CLAUSE" section), which reads as follows: "This arbitration clause shall be governed by the Federal Arbitration Act, *and <u>not</u> by any state law that might otherwise apply*." (emphasis added). As discussed above, the next sentence of that provision then expressly states as follows with respect to jurisdiction to enforce an arbitration award: "Judgment on the award may be entered in any court *with jurisdiction*." (emphasis added). There is no reasonable construction whereby this provision (expressly preserving jurisdictional restrictions) could be construed to mandate Tennessee as the place of jurisdiction or as a waiver of jurisdictional principles that otherwise protect Conn Appliances.

Apart from all of the foregoing considerations dictating Mr. Williams's sparse jurisdictional contentions are misguided, the Tennessee choice of law provision simply cannot supplant the personal jurisdiction analysis this Court is charged with engaging in. The Sixth Circuit (following United States Supreme Court authority) has held a choice of law provision is but one, *non-dipositive* factor pertinent to personal jurisdiction: "The district court also did not err in determining that the choice of law provision in the 1997 agreement is *not* decisive. The Court in *Burger King v. Rudzewicz*, 471 U.S. 462, 482 (1985), stated that a choice of law provision, though alone *insufficient* to establish jurisdiction, can 'reinforce [a] *deliberate*

17

affiliation with the forum State and the reasonable foreseeability of possible litigation there.'" *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000) (emphasis added).

This distinction is meaningful, because although the contract at issue in *Calphalon* contained a choice of law provision, the Sixth Circuit held: "Here, even though [Defendant] was on notice that the contract was to be governed by Ohio law, [Defendant] did not make a *deliberate* affiliation with that state nor could it reasonably foresee possible litigation there." 228 F.3d at 723  (emphasis added).

Mr. Williams likewise has failed to aver any such "deliberate affiliation."  He at most conflates the fact Conn Appliances "does business" in Tennessee, with the separate inquiry as to whether that business is so systematic and continuous as to make Conns "at home" in Tennessee.

For instance, Mr. Williams attempts to couple the number of retail stores Conn Appliances has in Tennessee (six), with the contacts he suggests give Tennessee "specific" jurisdiction over Mr. Williams's TCPA claim.  But in *Bristol-Myers Squibb Co. v. Superior Court*, the United States Supreme Court expressly rejected this type of hybrid attempt to lessen the demands of the "at home," general jurisdiction analysis:

> Under the California approach, the strength of the requisite connection between the forum and the specific claims at issue is relaxed *if the defendant has extensive forum contacts that are <u>unrelated</u> to those claims*.  Our cases provide no support for this approach, which resembles a loose and *spurious* form of general jurisdiction.

137 S. Ct. 1773, 1781 (2017) (emphasis added).

Indeed, the pernicious implication of Mr. Williams's misguided contentions is Conn Appliances would be deemed "at home" in every state in which it has multiple stores (and there

18

are many), meaning Conns would be at home in a dozen states.[6]  But it fundamentally would denude the concept of being "at home" in one, or at least precious few places—if the general jurisdiction standard operated such that an entity was deemed at home in virtually every place. The holding in *Bristol-Myers Squibb Co.* therefore negates Mr. Williams's general jurisdiction contention on the merits and provides positively no support for his contention Conn Appliances somehow has violated Rule 11 by demanding faithful adherence to controlling law, as well as a contractual term (to which Mr. Williams *assented*) that expressly preserved Conn Appliances' right to insist upon award enforcement only by a "court *with jurisdiction*."  (emphasis added).

### III.     CONCLUSION

WHEREFORE, Defendant Conn Appliances, Inc. respectfully requests this Court deny Plaintiff Johnnie F. Williams, Jr.'s Motion for Sanctions, dismiss this action for lack of personal jurisdiction, and grant Conn Appliances all other relief to which it may be entitled.

---

[6] The "online search" Mr. Williams recommends, *cf.* (ECF No. 32, Page 12 of 15, n.6), reflects Conn Appliances' retail store locations disproportionately are in Texas, although there are eleven other states in which it has more than one retail location—and two additional states in which Conns has a single store, per state.  *See* https://www.conns.com/store-locator/all.

April 11, 2019                              Respectfully submitted,

                                           /s/ Robert A. Luskin
                                           Robert A. Luskin
                                           Tennessee Bar No. 027735
                                           rluskin@gm-llp.com
                                           GOODMAN MCGUFFEY LLP 3340
                                           Peachtree Road, NE
                                           Suite 2100
                                           Atlanta, GA  30326-1084
                                           Telephone: 404-264-1500
                                           Facsimile:  404-264-1737

                                           Michael A. Harvey,
                                              TX 00797164
                                           Christopher M. Jordan
                                              TX 24087817
                                           MUNSCH HARDT KOPF & HARR, P.C.
                                           700 MILAM, STE. 2700
                                           HOUSTON, TEXAS 77002
                                           Email: mharvey@munsch.com
                                           E-mail: cjordan@munsch.com
                                           Telephone: (713) 222-1470
                                           Facsimile: (713) 222-1475

                                           **COUNSEL FOR DEFENDANT CONN
                                           APPLIANCES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on April 11, 2019, a true and correct copy of the foregoing was

served upon the following counsel of record pursuant to the Federal Rules of Civil Procedure:

Frank Kerney
MORGAN & MORGAN
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

*/s/ Robert A. Luskin*
Robert A. Luskin
Tennessee Bar No. 027735
rluskin@gm-llp.com
GOODMAN MCGUFFEY LLP
3340 Peachtree Road, NE
Suite 2100
Atlanta, GA  30326-1084
Telephone: 404-264-1500
Facsimile:  404-264-1737

*Counsel for Defendant Conn Appliances, Inc.*