UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JOHNNIE F. WILLIAMS, JR.

    Plaintiff,

-vs-                                          CASE NO.: 2:17-cv-02052-JTD-cgc

CONN APPLIANCES, INC.,

    Defendant.

_____/

**PLAINTIFF'S NOTICE OF FILING OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD**

Plaintiff, JOHNNIE WILLIAMS, JR., by and through his undersigned counsel, hereby notifies the Court of the attached supplemental authority: *Tonya Erin Stevens v. Conn's, Inc., Et Al.,* 4:16-cv-00309-ALM [Doc. 19], E.D. Texas, August 7, 2019 (*See attached* Exhibit A) and *Gibbens v. Optumrx, Inc., d/b/a HI HealthInnovations,* No. 18-6292, 2019 WL 3074856 (6th Cir. July 15, 2019) (*See attached* Exhibit B).

Earlier this month the *Stevens* court confirmed an arbitration award against the same defendant in the matter at hand, Conn Appliances, Inc. Similar to the matter at hand, Defendant sought to dismiss the motion to confirm the arbitration award for unrelated, though equally as flawed, reasons. Ultimately, the court found that "In sum, [Conn] chose arbitration, and it must now live with that choice." *Id.,* quoting *Oxford Health Plans, LLC v. Sutter*, 569 U.S. 564, 569 (2013). Much like it did here, the Defendant in *Stevens* (represented by the same lead counsel) again threatened the court with an appeal if an order in its favor were not issued: "Conn advises the Court to "err on the side of caution" and decide against retaining jurisdiction, warning that

1

"there is no doubt that the parties will eventually be before the Fifth Circuit" otherwise. (Dkt. #15 at p. 3). Although the Court appreciates Conn's warnings, the Court is not concerned."

In the matter at hand, the Defendant has filed a competing motion to vacate the arbitration award in the Southern District of Texas which was subsequently dismissed for lack of personal jurisdiction. Since the competing motion was dismissed, Defendant has filed an appeal of that decision to the Fifth Circuit Court of Appeals. After filing its appeal to the Fifth Circuit Court of Appeals, Defendant advised this Court as follows:

> "8. Pursuant to the first to file rule, CAI requests any further ruling from this Court be delayed pending the outcome of the appeal to the Fifth Circuit. Any rulings issued by this Court during the pendency of the appeal will not only convolute the record, it will necessarily be a waste of judicial resources and will not promote judicial efficiency.
>
> 9. Additionally, any such rulings will require CAI to file a separate appeal to the Sixth Circuit, thereby burdening all parties with additional—potentially unnecessary—motion practice and briefing.";

Subsequently, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction in the matter at hand [Doc. 29].

Conn's is also fighting the confirmation of other unfavorable TCPA arbitration awards in *Matt Larson v. Conn Appliances, Inc.,* 4:16-cv-00706-Y, N.D. Texas, *Veronica Davis vs. Conn Appliances, Inc.*, 2:19-mc-00009, W.D. Tenn., and *Conn Appliances, Inc. v. Veronica Davis,* 4:16-cv-01097, S.D. Texas. It is clear from this onslaught of pleadings and threats of appeals that the Defendant is using the federal court system to avoid or otherwise delay compliance with unfavorable, yet completely meritorious, arbitration awards. Considering the Defendant chose to

2

proceed with these matters in arbitration, it is shocking that it now chooses to challenge any decision that is unfavorable. The District Court in *Stevens* noted, "[t]he party that challenges an arbitration award bears a heavy burden to prove the award should be vacated." *Id.*, at 5, quoting *Oxford Health Plans, LLC v. Sutter*, 569 U.S. 564, 569 (2013).

Additionally, on July 15, 2019 the Sixth Circuit Court of Appeals issued an opinion in *Gibbons vs. Optumrx, Inc., d/b/a HI Healthinnovations, No. 18-6292, 2019 WL 3074856 (6th Cir. July 15, 2019)*. There, the Court held as follows:

> "For this court to find that the arbitrator manifestly disregarded the law, "[a] mere error in interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent." *Jaros*, 70 F.3d at 421 (internal citation omitted). A claimant meets this standard by showing "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 847 (6th Cir. 2003). Hence, "we may set aside the arbitrator's decision only if, after applying 'clearly established legal precedent, . . . no judge or group of judges could conceivably come to the same determination." *Elec. Data Sys. Corp. v. Donelson*, 473 F.3d 684, 691 (6th Cir. 2007) (quoting *Jaros*, 70 F.3d at 421). "Thus, to find manifest disregard a court must find two things: the relevant law must be clearly defined and the arbitrator must have consciously chosen not to apply it." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (citing *M & C Corp. v. Erwin Behr GmbH & Co.*, 87 F.3d 844, 851 n. 3 (6th Cir. 1996))."

3

In the matter at hand, the arbitrator found that the Defendant's predictive dialer is an ATDS for purposes of the TCPA. The Defendant argues that the award should be vacated because "[c]ase law enforces the TCPA's definition of ATDS as written, and per its plain statutory language to hold that a device is not an ATDS unless it uses a random or sequential number generator." [Doc. 20-1]. This is done to intentionally mislead the court: as the Defendant and its counsel are well aware, there is a split in authority on the definition of an ATDS, with the *majority* of courts across the nation, including the only court to rule on the issue in Tennessee, finding that a predictive dialer, such as the one used by Defendant, is an automatic telephone dialing system. See *Ammons v. Ally Fin., Inc.,* No. 3:17-CV-00505, 2018 WL 3134619, (M.D. Tenn. June 27, 2018). This same position has been repeatedly adopted by the FCC without fail since 2003 and was further adopted by the Ninth Circuit Court of Appeals in *Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 WL 4495553 (9th Cir. Sept. 20, 2018). While Conn's believes that "that *Ammons* reached an improper conclusion contrary to the TCPA statute and the greater weight of authority in the United States on the TCPA. Conn Appliances further contends that *Marks* reached the correct conclusion that the D.C. Circuit vacated all of the FCC's orders and that the statutory text is all that controls now. However, Conn Appliances contends that Marks, ironically, reached the same inappropriate conclusion the D.C. Circuit overturned. Its conclusion is well beyond the bounds of the TCPA's plain language and would make any computer or cell phone an ATDS." [Doc 20-1], the *Williams* arbitrator's decision that a predictive dialer, such as Conn's Noble predictive dialer, certainly does not meet the standard that "the relevant law must be clearly defined and the arbitrator must have consciously chosen not to apply it." Where there is a split in authority, Conn's has no grounds to vacate the award

when it is simply not in its' favor, especially when the only case to determine the issue within this jurisdiction follows the same school of thought as the arbitrator.

The Plaintiff respectfully asks that the Court take these matters into consideration when ruling on Plaintiff's Motion to Confirm the Arbitration Award [Doc. 14] and Plaintiff's Motion for Sanctions [Doc. 40].

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic mail on this 19th day of August, 2019 to: Robert Luskin, Esquire, 3340 Peachtree Road, NE, Suite 2100, Atlanta, Georgia 30326 (rluskin@gmlj.com); and Christopher Jordan, Esquire, 700 Milam Street, Suite 2700, Houston, Texas 77002 (cjordan@munsch.com).

Respectfully submitted,

/s/ *Frank H. Kerney, III, Esq.*
Frank H. Kerney III, Esq.
BPR: 035859
Morgan & Morgan, Tampa, PA
201 N. Franklin St.
Suite 700
Tampa, FL 33602
813-577-4729 (direct)
813-223-5402 (fax)
FKerney@forthepeople.com
MMartinez@forthepeople.com
*Counsel for Plaintiff*